AALYSON, APPELLANT, *v.* NATIONWIDE MUTUAL INS. CO., APPELLEE.

[Cite as Aalyson v. Nationwide Mutl. Ins. Co., 1 Ohio App. 2d 192.]

(No. 7296—Decided September 3, 1963.)

*Messrs. Volkema, Wolske & Bopeley* and *Mr. Joseph A. Marchese,* for appellant.

*Messrs. Dresbach, Crabbe, Newlon & Bilger, Mr. Wilbur W. Jones* and *Mr. James L. Graham,* for appellee.

DUFFY, P. J.   This is an action brought by an attorney against an insurance company claiming that the adjuster of the insurance company wrongfully interfered with plaintiff's contract with a client who had been damaged in an automobile collision by an insured of the insurance company.   A summary judgment was rendered in the trial court in favor of the defendant insurance company, and the attorney has appealed to this court.   His first assignment of error is that all the material facts were not before the court at the time the summary judgment was rendered and that there is a genuine issue as to material facts which have been presented.

A review of the file indicates that the attorney, who is the plaintiff, appellant herein, alleged a wrongful interference with

his contract, and he further contended that the wrongful interference was malicious and intentional.

In answer to the petition, the defendant entered a general denial to all the claims of the petition. The wrongful interference alleged was that the insurance adjuster, after having had knowledge of the employment of an attorney, submitted to the client an increased offer of settlement, which was accepted, without informing the attorney; that the increased offer was made intentionally and maliciously in order to cause a breach of contract in the relations between the attorney and his client.

Approximately 18 months after the answer was filed, the defendant filed a motion for summary judgment and attached to the motion the affidavits of the adjuster and of the client of the attorney. The motion also asked the court to consider as other evidence depositions previously taken which had already been filed. The deposition of an attorney for the insurance company was later filed by the defendant. A hearing on the motion for summary judgment was set, and one day before the hearing an affidavit of the plaintiff was filed. That affidavit is as follows:

"Craig Aalyson, being first duly sworn, deposes and says that he is the plaintiff in the instant case.

"Plaintiff states that on numerous occasions he has attempted to obtain material information which is in the possession of the defendant or the defendant's attorneys in the instant case, but has thus far been unsuccessful.

"Plaintiff states that he has reason to believe that the information which thus far has been refused to him may have vital bearing upon the instant case and therefore requests this Court to dismiss the motion for summary judgment for the reason that all the evidence in this case has not been presented to the Court and therefore the Court is in no position to rule upon the motion for the summary judgment.

"Further affiant saith not."

The file indicates that the plaintiff had previously made a motion to the court to require the defendant to produce its records and file as they related to the negotiation of the automobile claim.

The Court of Common Pleas denied the motion of the plaintiff, and denied a motion for reconsideration because the plain-

tiff did not advise the court as to the authority for the motion. The judge was of the opinion that he had no way of knowing what records were involved or whether or not those records were privileged. The court advised the plaintiff that he should have submitted a full brief in support of the motion; that his right to the records and file could not be determined at that time.

A summary judgment can be rendered under Section 2311.041 (B) of the Revised Code ''if the pleadings, depositions, answers to interrogatories, admissions of the genuineness of papers or documents, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'' *State, ex rel. Wilson*, v. *Preston, Director of Highways*, 173 Ohio St., 203.

Paragraph (E) of Section 2311.041, Revised Code, reads: ''Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.''

It is apparent from the affidavit of the plaintiff (which complied with paragraph [E] above) and from the rulings of the court on the motion to produce records, that the plaintiff wished to gather evidence which could support his allegations as to intentional and malicious interference. We believe the court was in error in concluding that there was no genuine issue as to any material fact in this case. We do not believe that the motion for summary judgment should have been granted at this time, and the judgment of the trial court will be reversed and the cause remanded for further proceedings.

Our reversal of the judgment based upon the sustaining of the first assignment of error makes it impractical for the court to pass upon the other assignments of error in this case.

*Judgment reversed and cause remanded.*

DUFFEY and TROOP, JJ., concur.